UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIE C. COSTA, a/k/a CONNIE MARIE
COSTA,

               Plaintiff,                   **MEMORANDUM OF**
       v.                                 **DECISION AND ORDER**
                                              13-CV-1609 (ADS) (ARL)
ASTORIA FEDERAL SAVINGS AND LOAN
ASSOCIATION and TRUSTEES OF THE
ASTORIA SAVINGS AND LOAN ASSOCIATION
EMPLOYEES' PENSION PLAN,

               Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Gary Schoer, Esq.**
*Attorney for the Plaintiff*
6800 Jericho Turnpike. Suite 108W
Syosset, NY 11791

**Jackson Lewis, PC**
*Attorneys for the Defendants*
58 South Service Road, Suite 410
Melville, NY 11747
    By:   Adam Granek Guttell, Esq.
             Mark S. Mancher, Esq., of Counsel

**SPATT, District Judge.**

       On March 26, 2013, the Plaintiff Marie C. Costa, also known as Connie Marie

Costa (the "Plaintiff") commenced this action under the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., against the Defendants Astoria

Federal Savings and Loan Association ("Astoria") and Trustees of the Astoria Savings

and Loan Association Employees' Pension Plan (the "Trustees" and collectively, the

"Defendants"). The Plaintiff accuses the Defendants of wrongly denying her pension

1

benefits under the terms of Astoria's Employees' Pension Plan (the "Plan"), which was an employee welfare benefits plan funded by Astoria, the Plaintiff's former employer.

In this regard, the Plaintiff asserts (1) that the Defendants wrongfully and unfairly denied her the pension benefits to which she is allegedly entitled by law and pursuant to the Plan, in violation of 29 U.S.C. § 1132(a)(1)(B); (2) that she is entitled to a declaratory judgment concerning her rights to future benefits due under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B); (3) that the Defendants breached their fiduciary duty in violation of 29 U.S.C. §§ 1132(a)(1) and (2); and (4) that she is entitled to recover her reasonable attorney's fees and costs incurred in bringing this action and enforcing her alleged rights under the Plan pursuant to 29 U.S.C. § 1132(g)(1).

Further, in addition to her four ERISA claims, the Plaintiff alleges five state law causes of action as follows: (1) breach of contract; (2) breach of common law fiduciary duty; (3) fraud; (4) violation of New York General Business Law ("NYGBL") § 349; and (5) negligence.

Presently before the Court is a Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) motion by the Defendants to dismiss the Plaintiff's Complaint in its entirety. For the reasons that follow, the Court grants the Defendants' motion.

## I. BACKGROUND

### A. Rule 12(b) Standard for Considering Factual Allegations and Evidence Outside the Complaint

Before reciting the underlying factual allegations of this case, the Court notes, as an initial matter, that evidence outside of the Complaint may not be considered by the Court when deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). See, e.g., DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 113 (2d Cir.2010)

("In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.") (citation and internal question marks omitted); Hahn v. Rocky Mt. Express Corp., No. 11 Civ. 8512(LTS) (GWG), 2012 WL 2930220, at *2 (S.D.N.Y. June 16, 2012) ("When deciding a motion to dismiss . . . [e]vidence outside [the complaint] . . . cannot [ ] be considered on review of a 12(b)(6) motion.") (citation and internal quotation marks and alterations omitted). In this regard, pursuant to Fed. R. Civ. P. 12(d), where matters outside the complaint are presented in connection with a Rule 12(b)(6) motion, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Bd. of Managers of Continental Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)).

In this case, the Court declines to convert the Plaintiff's motion for dismiss to one for summary judgment. Thus, while the Plaintiff in her opposition asserts additional factual allegations not included in her Complaint, these new factual allegations are inappropriate for consideration by this Court. See, e.g., Universal Trading & Inv. Co., Inc. v. Tymoshenko, No. 11 Civ. 7877(PAC), 2012 WL 6186471, at *1 (S.D.N.Y. Dec. 12, 2012) ("'[N]ew facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered' in deciding a motion to dismiss.") (quoting Simone v. U.S., No. 09–CV–3904 (TCP)(AKT), 2012 WL 4891617, at *6 (E.D.N.Y. Oct. 9, 2012)). Nevertheless, in its analysis, the Court may refer "to documents attached to the complaint

3

as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in [the] [P]laintiff['s] possession or of which [the] [P]laintiff[ ] had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir.1993).

In this regard, the Court declines to consider those portions of the Plaintiff's Affidavit in which she (1) expands upon when she first contacted the Defendants in October of 2005 about her pension benefits and (2) suggests, for the first time, that she wrote to the Defendants on August 21, 2012, October 16, 2012 and December 18, 2012 concerning her eligibility for pension benefits but received no response. These new factual allegations fail to meet the criteria to allow for their consideration on a motion to dismiss and, in any event, as discussed below, even if the Court were to consider them, the Court's decision to dismiss the Plaintiff's Complaint would remain unchanged. See Ruotolo v. Fannie Mae, 933 F. Supp. 2d 512, 515 n.1 (S.D.N.Y. 2013) ("When determining a motion to dismiss for failure to state a claim, a court is confined to the facts as pleaded in the complaint and any permissible attachments, and a court should not consider new facts alleged in moving papers.. . . Nonetheless, the outcome here would not change were the Court to consider the additional facts in pro se Plaintiff's opposition papers.") (citing Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd., 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005)).

Thus, unless otherwise stated, the Court, as it must, draws the following facts from the Plaintiff's Complaint and construes them in a light most favorable to the Plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

**B. Underlying Factual Allegations**

The Defendant Astoria is a banking institution and is authorized to conduct business in the State of New York. (Compl., ¶ 7.) On March 29, 1997, Astoria entered into an Agreement and Plan of Merger with Greater New York Savings Bank ("Greater"). (Compl., ¶ 11.) Pursuant to this Agreement and Plan of Merger (the "Merger Agreement"), on September 30, 1997, Greater merged with Astoria (the "Merger"), under the name of Astoria. (Compl., ¶ 11.)

Astoria administered the Plan at issue in this case, which is an Employees' Pension Plan as defined by § 3(2) of ERISA, 29 U.S.C. § 1002(2)(A). (Compl., ¶ 8.) The Plan maintained a principal office in Lake Success, New York. (Compl., ¶ 8.) Under the terms of the Merger Agreement, each of Greater's employees were entitled to a pension benefit equal to his or her accrued benefit at the time of the Merger. (Compl., ¶ 14.) Further, Astoria agreed that the Plan would adopt the provisions of Greater's pension plan into its own Plan with respect to those Greater employees for whom said provisions applied. (Compl., ¶ 15.) One of these provisions stipulated as follows:

> As a participant in the [P]lan you are eligible to receive a pension . . . [i]f you become totally disabled after you have completed five years of service, that is, five years in which you have worked at least 1,000 hours of service. In the event of total disability, your pension will commence immediately without reduction for age. In determination of total disability, the employer will abide by the ruling of the Social Security Administration [(the "SSA")] [.]

(Compl., ¶ 16.)

On September 4, 1990, the Plaintiff, a resident of Long Island, New York, began her employment with Greater. (Compl., ¶ 6, 10.) At the time of the Merger, she was one-hundred percent vested in the pension plan provided by Greater to its employees,

5

which was, as stated above, adopted by Astoria's Plan. (Compl., ¶¶ 13, 15.) After the Merger, the Plaintiff continued to be employed by Astoria. (Compl., ¶ 12.)

On January 17, 2003, the Plaintiff alleges that she became totally and permanently disabled so that she could no longer work. (Compl., ¶ 17.) On September 19, 2005, she received a Notice of Award from the SSA notifying her that the SSA had determined that as of January 17, 2003, she was totally and permanently disabled. (Compl., ¶ 19.) According to the Plaintiff, she was thus qualified and eligible to receive pension benefits under the Plan on the same date of her disability, January 17, 2003. (Compl., ¶ 18.) In this regard, starting on January 17, 2003, the Plaintiff alleges she should have received a pension benefit in excess of $513 per month. (Compl., ¶ 22.) In the alternative, the Plaintiff asserts that she should have begun to receive this monthly pension benefit beginning on either September 19, 2005, when she received her award notice from the SSA or in October of 2005, when, as discussed in more detail below, she made her initial application for benefits. (Compl., ¶ 22.)

Concerning her initial application for benefits, on an unspecified date in October 2005, the Plaintiff requested from the Defendants the application forms necessary to obtain the pension benefits to which she was allegedly entitled. (Compl., ¶ 20.) However, she claims that her request for application forms was denied and that she was wrongfully advised by the Defendants' employees and/or agents that she was not entitled to pension benefits until she reached the age of fifty-five, despite having received an award of total and permanent disability from the SSA. (Compl, ¶ 21.) The Plaintiff asserts that the Defendants have refused and continue to refuse to pay the Plaintiff any pension benefit before she turns fifty-five. (Compl., ¶ 23.)

## II. DISCUSSION

**A. Legal Standard on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

It is well-established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In this regard, as stated above, when deciding a motion to dismiss, a court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Iqbal, 556 U.S. at 678; Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007).

As such, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679. However, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir.2009) (quoting Iqbal, 556 U.S. at 678).

**B. As to Whether the Plaintiff's ERISA Claims are Time Barred**

"The ERISA statute provides a plan beneficiary with a federal right of action to recover benefits due under the beneficiary's plan." Prabhakar v. Life Ins. Co. of N. Am., 09-CV-5530 DLI VVP, 2012 WL 3685985, at *2 (E.D.N.Y. Aug. 24, 2012) (hereinafter "Prabhakar I") (citing 29 U.S.C. 1132(a)(1)(B)); see also Schulman v. Herbert E. Nass & Associates SEP IRA Plan, 10 CIV. 9613 RA, 2013 WL 4860119, at *3 (S.D.N.Y. Sept.

11, 2013) (holding that ERISA "creates a cause of action for, <u>inter alia</u>, a participant in a pension plan covered by ERISA to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan") (quoting <u>Carey v. Int'l Bhd. of Electrical Workers Local 363 Pension Plan</u>, 201 F.3d 44, 46 n.2 (2d Cir. 1999)) (internal quotation marks omitted).

"For ERISA claims that involve fiduciary responsibilities, the relevant statute of limitations is statutorily prescribed and the claims must be brought within the earlier of (1) six years from the date of the 'last action which constituted a part of the breach or violation, or [ ] in the case of an omission the latest date on which the fiduciary could have cured the breach or violation,' or (2) three years after 'the earliest date on which the plaintiff had actual knowledge of the breach or violation.'" <u>DePasquale v. DePasquale</u>, 12-CV-2564 RRM MDG, 2013 WL 789209, at *7 (E.D.N.Y. Mar. 1, 2013) <u>reconsideration denied</u>, 2013 WL 4010214 (E.D.N.Y. Aug. 5, 2013) (citing to 29 U.S.C. § 1113) (internal brackets in original). "A plaintiff has actual knowledge of the breach or violation within the meaning of [ ] 29 U.S.C. § 1113(2), when he has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." <u>Boban v. Bank Julius Baer Postretirement Health & Life Ins. Program</u>, 723 F. Supp. 2d 560, 564 (S.D.N.Y. 2010) (quoting <u>Caputo v. Pfizer, Inc.</u>, 267 F.3d 181, 193 (2d Cir. 2001)) (internal quotation marks omitted).

However, when a "plaintiff's claims [ ] do not involve fiduciary responsibilities," "ERISA does not provide a statute of limitations." <u>Id.</u> at *8; <u>see also</u> <u>Prabhakar I</u>, 2012 WL 3685985, at *2 ("The statute does not provide a limitations period for actions under

8

Section 1132[.]"). Nevertheless, while ERISA "does not prescribe a limitations period for 29 U.S.C. § 1132 actions," courts are required to look to "the most nearly analogous state limitations statute" in order to determine "the applicable limitations period." Because ERISA "does not prescribe a limitations period for 29 U.S.C. § 1132 actions" such as this one, "the applicable limitations period is that specified in the most nearly analogous state limitations statute." Prabhakar v. Life Ins. Co. of N. Am., 09-CV-05530 PKC, 2013 WL 4458728, at *12 (E.D.N.Y. Aug. 16, 2013) (hereinafter "Prabhakar II") (quoting Burke v. Price WaterHouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 78 (2d Cir. 2009) (per curiam)); see also Muto v. CBS Corp., 668 F.3d 53, 57 (2d Cir. 2012) ("[T]he applicable limitations period in this § 1132 action is 'that specified in the most nearly analogous . . . limitations statute' of the forum state.") (quoting Miles v. New York State Teamsters Conf. Pension and Ret. Fund, 698 F.2d 593, 598 (2d Cir.1983) cert. denied, 464 U.S. 829, 104 S. Ct. 105, 78 L. Ed. 2d 108 (1983)) (ellipse in original).

In this regard, "our Circuit holds that the appropriate statute of limitations under analogous New York law is the six year statute of limitations that applies to claims for breach of contract." Schulman, 2013 WL 4860119, at *3 (quoting Schultz v. Texaco, Inc., 127 F. Supp. 2d 443, 448 (S.D.N.Y. 2001) (in turn, citing Miles, 698 F.2d at 598)); see also Prabhakar II, 2013 WL 4458728, at *12 ("The most nearly analogous limitations period is New York's six-year statute of limitations for contract actions.") (quoting Burke, 572 F.3d at 78); DePasquale, 2013 WL 789209, at *8 ("Courts in this circuit have held that the six-year statute of limitations period under New York Civil Practice Law and

Rules . . . § 213 applies to claims brought under [ ] 29 U.S.C.[ ] § 1132.") (collecting cases).

"Under federal common law, courts generally apply the 'discovery rule' to determine when an ERISA cause of action accrues, looking to when the plaintiff discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." Bilello v. JPMorgan Chase Ret. Plan, 607 F. Supp. 2d 586, 592 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). In the 29 U.S.C. § 1132 context, "ERISA claims begin to accrue 'upon a clear repudiation that is known, or should be known, to the plaintiff—regardless of whether the plaintiff has filed a formal application for benefits.'" Kotler v. Charming Shoppes Inc., 11 CIV. 3296 SAS, 2012 WL 291512 (S.D.N.Y. Jan. 31, 2012) (quoting Carey v. International Broth. of Elec. Workers Local 363 Pension Plan, 201 F.3d 44, 49 (2d Cir. 1999)).

In this case, according to the Complaint, the Plaintiff learned that she would not be receiving pension benefits under the Plan when the Defendants denied her October 2005 request for application forms and told her she did not qualify for benefits before she reached the age of fifty-five. (Compl., ¶¶ 20–21.) Such a denial constitutes "a clear repudiation," since she was "unequivocally notified that [ ] her claim for benefits ha[d] been denied." Yuhas v. Provident Life and Cas. Ins. Co.,126 F. Supp. 2d 227, 222–23 (S.D.N.Y. 2001). Similarly, as to the Plaintiff's claim that the Defendants breached their fiduciary duty, the Plaintiff had actual knowledge of their potential breach in October of 2005, since "[she] ha[d] knowledge of all material facts necessary to understand that an ERISA fiduciary ha[d] breached his or her duty or otherwise violated the Act," in that she knew the Defendants had refused to award her pension benefits despite the alleged terms

of the Plan.  Caputo v. Pfizer, Inc., 268 F.3d 181, 193 (2d Cir. 2001).  As such, because the October 2005 repudiation occurred approximately seven years and five months before the Plaintiff commenced the instant action on March 26, 2013, her ERISA claims are well outside the applicable statute of limitations.

Further, even if the Court were to consider Plaintiff's subsequent 2012 requests for benefits, which the Plaintiff improperly raises in her opposition, the Court would still find her ERISA claims time barred, as these additional factual allegations do not alter the Plaintiff's assertion contained in her Complaint that the initial repudiation occurred in October of 2005.  Accordingly, the clock began to run on the Plaintiff's ERISA claims in October of 2005 and could not be reset by the Plaintiff submitting additional requests. See, e.g., O'Donnell v. Metlife Disability Ins. Co., at *4 (S.D.N.Y. Mar. 31, 2009) ("Notwithstanding [the] [p]laintiff's allegations of communications subsequent to October 30, 2001, the Complaint does not allege any events or facts that could cast doubt on the conclusion that [a] statement [by the defendant's employee] to [the] [p]laintiff on October 30, 2001 was a clear notification of [the defendant's] final denial of [the] [p]laintiff's claim. Allegations that [the defendant] reiterated its denial in writing and sometimes responded to [the] [p]laintiff's continued inquiries do not enable [the] [p]laintiff to state a claim that the limitations period restarted after October 30, 2001.").

The Plaintiff's new factual allegations about her October 2005 request for pension benefits also do not merit a different outcome.  In this regard, the Plaintiff claims she called the Defendants in October of 2005 and explained that she had received an SSA award and was thus entitled to pension benefits under the Plan regardless of her age. However, she was nevertheless informed by one of the Defendants' employees or agents

that she was not entitled to receive pension benefits in spite of her SSA award because she had not reached the age of fifty-five. Therefore, the extra factual allegations that the Plaintiff improperly includes in her opposition papers simply confirm that she indeed received a clear repudiation in October of 2005. See, e.g., Green v. Int'l Bus. Machs. Corp., No. 01–CV–2334, 2001 WL 736811, at *2 (S.D.N.Y. June 22, 2001) ("[The] [p]laintiffs complaint alleges that he received a telephone call on January 24, 1995 in which [he was] told . . . that the plan was terminated. He received a letter to that effect . . . several days later. [The] [p]laintiffs' cause of action accrued on January 24, 1995, the date he learned of [the defendant's] repudiation.").

As a final matter, to the extent the Plaintiff contends that this Court should relax the applicable statute of limitation in this case as matter of public policy, the Court is not persuaded by her argument. Indeed, the Second Circuit has held as follows:

> [T]he Supreme Court has noted [that] the length of a limitation period for instituting suit in federal court inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. Statutes of limitation serve several important policies, including rapid resolution of disputes, repose for those against whom a claim could be brought, and avoidance of litigation involving lost evidence or distorted testimony of witnesses. For these reasons, statutes of limitation are not to be disregarded by courts out of a vague sympathy for particular litigants. Indeed, strict adherence to limitation periods is the best guarantee of evenhanded administration of the law.

Carey, 201 F.3d at 47 (2d Cir. 1999) (citations and internal quotation marks omitted). The Court sees no reason in the instant case to veer from this precedent.

Accordingly, as the Plaintiff's ERISA causes of action are time-barred, these claims are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Young v. Gen.

12

Motors Inv. Mgmt. Corp., 550 F. Supp. 2d 416, 417 (S.D.N.Y. 2008) aff'd, 325 F. App'x 31 (2d Cir. 2009) ("Because the Court finds that the [ ] statute of limitation bars [the] [p]laintiffs' claims in their entirety, . . . [the] [p]laintiffs' complaint is dismissed with prejudice.").

**C. As to the Plaintiff's Remaining State Law Claims**

In addition to the four ERISA claims, the Complaint also contains five state law causes of action. However, the Court finds that these state law claims are preempted by ERISA.

"The Supreme Court has established that ERISA is one of those federal statutes that completely pre-empts state law causes of action," since its "purpose [ ] is to provide a uniform regulatory regime over employee benefit plans." Enigma Mgmt. Corp. v. Multiplan, Inc., 13-CV-5524 ARR JO, 2014 WL 297269, at *3 (E.D.N.Y. Jan. 27, 2014) (citing Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004)). In this regard, "Congress intended that this provision would create a comprehensive, exclusive remedial scheme, and 'any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy . . . is therefore pre-empted.'" Id. (quoting Davila, 542 U.S. at 209) (ellipse in the original).

"A cause of action is pre-empted if (1) the plaintiff could have brought the claim under ERISA's civil enforcement scheme, and (2) 'there is no other independent legal duty that is implicated by a defendant's actions.'" Id. at *4 (quoting Davila, 542 U.S. at 210). With respect to the first prong, courts within the Second Circuit employ "two separate inquiries: (1) 'whether the plaintiff is the type of party that can bring a claim' under ERISA's civil enforcement scheme, and (2) 'whether the actual claim that the

13

plaintiff asserts can be construed as a colorable claim for benefits' under ERISA." Id. (quoting Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 328 (2d Cir. 2011)).

Here, the Plaintiff brings state law claims for (1) breach of contract; (2) breach of common law fiduciary duty; (3) fraud; (4) violation of NYGBL § 349; and (5) negligence. She uses all of these claims as vehicles to allege that she is entitled to pension benefits under the Plan and that the Defendants have wrongly denied her of such benefits and misrepresented her entitlement to pension benefits.

However, courts have held that all of these state law causes of action are preempted by ERISA. See, e.g., Enigma, 2014 WL 297269, at *10 ("The Second Circuit has held that state common law claims of fraudulent misrepresentation are preempted by ERISA if the false representation concerns the existence, terms, or benefits of an ERISA plan.") (citing Cicio v. Does 1–8, 321 F.3d 83, 96 (2d Cir. 2003), vacated on other grounds sub nom., Vytra Healthcare v. Cicio, 542 U.S. 933 (2004)); Shearon v. Comfort Tech Mech. Co., Inc., 936 F. Supp. 2d 143, 159 (E.D.N.Y. 2013) (holding that "[t]o the extent [the] [p]laintiff's proposed breach of fiduciary duty claim might be read to arise out of any common law fiduciary duty, it is preempted by ERISA," because the "claim seeks to recover benefits and to enforce rights under ERISA-governed plans") (citing Harrison v. Metro Life Ins. Co., 417 F. Supp. 2d 424, 431 (S.D.N.Y. 2006)); Zarringhalam v. United Food & Commercial Workers Int'l Union Local 1500 Welfare Fund, 906 F. Supp. 2d 140, 150 (E.D.N.Y. 2012) ("[T]he law is clear that ERISA preempts state law breach of contract claims seeking the recovery of benefits due under an employee welfare benefit plan because they 'relate to' those plans within the meaning

of section 514.") (citing 29 U.S.C. § 1144(a) and collecting cases); Mcguigan v. Local 295/Local 851 I.B.T. Employer Grp. Pension Plan, 11-CV-2004 JG MDG, 2011 WL 3421318, at *9 (E.D.N.Y. Aug. 4, 2011) (holding that the plaintiff's negligence claim, among other state law claims, was preempted by ERISA because "[d]espite [the plaintiff's attempt to base his common law claims in non-ERISA legal terrain [such as] negligence[,]" his "claims derive[d] directly from the Plan, its administration, and the rights and benefits it affords its participants" and "[were] based on the same facts and supported by the same allegations that underlie the ERISA claims"); Berry v. MVP Health Plan, Inc., 1:06-CV-120 (NAM/RFT, 2006 WL 4401478, at *6 (N.D.N.Y. Sept. 30, 2006) ("[P]laintiffs' [NYGBL] § 349 claim, which 'relates to' an employee benefit plan and falls within the scope of ERISA's civil enforcement provisions, is preempted.") (citing Shackelton v. Connecticut General Life Ins. Co., 817 F. Supp. 277 (N.D.N.Y.1993)).

Accordingly, because all of the Plaintiff's state law claims are preempted, the Court grants the Defendants' Rule 12(b)(6) motion and dismisses these claims with prejudice. Gateway, Inc. v. ACS Commercial Solutions, Inc., 07 CIV. 6732CM, 2008 WL 1741249, at *1 (S.D.N.Y. Apr. 10, 2008) ("The motion to dismiss plaintiff's state law claims [ ] is granted, and those claims are dismissed with prejudice, because they are preempted by ERISA."); Flynn v. Hach, 138 F. Supp. 2d 334, 357 (E.D.N.Y. 2001) ("The court hereby dismisses these claims with prejudice as preempted by ERISA.").

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the motion by the Defendants to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) is granted with prejudice and the Plaintiff's Complaint is dismissed in its entirety because (1) the ERISA claims are time-barred and (2) the Plaintiff's remaining state law claims are preempted by ERISA; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
February 4, 2014

                                                     _/s/ Arthur D. Spatt_
                                                    ARTHUR D. SPATT
                                                 United States District Judge